**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STEVEN COLLINS,

Plaintiff,

v. No. 2:26-cv-3337-GBW-KRS

ENTERPRISE LOGISTICS SERVICES,
LLC; and ALBINO AULERA,

Defendants.

**ORDER TO AMEND COMPLAINT**

THIS MATTER is before the Court *sua sponte*. Plaintiff filed this action on October 6, 2026, citing diversity jurisdiction. (Doc. 1, ¶ 4). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Having considered the Complaint and the applicable law, the Court finds that the Complaint fails to allege facts necessary to sustain diversity jurisdiction.

**1. Citizenship of an LLC**

The Complaint alleges that "[t]his Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1)," because "[t]here is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs." (Doc. 1 ¶ 4). Federal "district courts . . . have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff is "required to allege sufficient facts in his complaint to show that the district court ha[s] subject matter jurisdiction over his claims, and mere conclusory allegations of jurisdiction are insufficient." *Harris v. PBC NBADL, LLC*, 444 F. App'x 300, 301 (10th Cir. 2011) (citing *Penteco Corp. v. Union Gas Sys., Inc*., 929 F.2d 1519, 1521 (10th Cir. 1991)). The "Jurisdiction And Venue" section of the Complaint contains only a conclusory allegation of subject matter jurisdiction, which is insufficient. Looking beyond that allegation to the facts alleged in other paragraphs of the Complaint, the Court is still unable to determine whether subject matter jurisdiction is proper in this case. Specifically, the Court is unable to determine the citizenship of Defendant Enterprise Logistics Services, LLC from the facts alleged in the Complaint.

The Complaint alleges that "Defendant Enterprise Logistics Services, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business in Houston, Texas." (Doc. 1 ¶ 2). Citizenship of a limited liability company for diversity purposes, however, is not determined by its place of organization or principal place of business. Rather, "[a]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1234 (10th Cir. 2015)). Moreover, "[w]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018). Plaintiff has not identified the members that comprise Defendant Enterprise Logistics Services, LLC, or the citizenship of those members.

Accordingly, the Court is unable to determine from the Complaint whether complete diversity of citizenship exists.

**2. Rule 7.1**

Federal Rule of Civil Procedure 7.1(a)(2) requires that, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement" that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2). The disclosure statement must be filed with the party's "first appearance, pleading, petition, motion, response or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1). Accordingly, the Court will allow Plaintiff the opportunity to remedy the deficient jurisdictional allegations in the Complaint after Enterprise Logistics Services, LLC files its disclosure statement. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**THEREFORE, IT IS ORDERED** that, no later than **seven (7) days** after Enterprise Logistics Services, LLC appears in the case and files its disclosure statement, Plaintiff shall file an Amended Complaint that properly alleges facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11. Should Enterprise Logistics Services, LLC appear in the case without filing a corporate disclosure statement as required by Rule 7.1, Plaintiff shall immediately take steps to ensure that the corporate disclosure statement gets filed, including attempting to meet and confer with opposing counsel concerning the statement's filing.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this order, the Court may recommend that the Complaint be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED this 13th day of October, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE