**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STEVEN COLLINS,

Plaintiff,

v. No. 2:26-cv-3337-GBW-KRS

ENTERPRISE LOGISTICS SERVICES,
LLC; and ALBINO AULERA,

Defendants.

**ORDER TO MEET AND CONFER REGARDING SUBJECT MATTER JURISDICTION**

**THIS MATTER** is before the Court *sua sponte* upon its review of the Amended Corporate Disclosure Statement filed by Defendant Enterprise Logistics Services, LLC ("Enterprise Logistics") on November 12, 2026. (**Doc. 14**) and Plaintiff's Amended Complaint, filed on November 18, 2026 (Doc. 19).

**Background**

Plaintiff filed this action on October 6, 2026, citing diversity jurisdiction. *See* (Doc. 1, ¶ 4). Exercising its independent duty to examine its subject matter jurisdiction, the Court entered an order on October 13, 2026 finding that it was unable to determine whether complete diversity of citizenship exists because the Complaint fails to identify the members that comprise Enterprise Logistics or the citizenship of those members. (Doc. 3 at 2). In anticipation of Enterprise Logistics revealing in its corporate disclosure statement the jurisdictional facts Plaintiff needed for amending his deficient allegations of diversity citizenship, the Court ordered Plaintiff to amend the

jurisdictional allegations in the Complaint within seven days of Enterprise Logistics filing a disclosure statement in compliance with Fed. R. Civ. P. 7.1. *See* (*id.*).

Enterprise Logistics filed its Corporate Disclosure Statement on November 4, 2026. In that statement, Enterprise Logistics identified Enterprise Products Operating LLC ("Enterprise Products") as Enterprise Logistics' sole member. Enterprise Logistics did not, however, identify the members of Enterprise Products. *See* (Doc. 12). Accordingly, on November 5, 2026, the Court ordered Enterprise Logistics to amend its Corporate Disclosure Statement to identify by name and citizenship each member of Enterprise Products, and, if necessary, each member of any member of Enterprise Products, and so on down the line until the citizenships of all component members of Enterprise Logistics are unraveled. *See* (Doc. 13). In response to that order, on November 12, 2026, Enterprise Logistics filed the Amended Corporate Disclosure Statement currently before the Court. *See* (Doc. 14). The Amended Corporate Disclosure Statement reiterates that the sole member of Enterprise Logistics is Enterprise Products, and then identifies the members of Enterprise Products as (1) Enterprise Products Partners, L.P., a publicly traded Delaware limited partnership, the common units of which are listed on the New York Stock Exchange; and (2) Enterprise Products OLPGP, Inc., a Delaware corporation headquartered in Texas. (*Id.*). Plaintiff then filed the Amended Complaint alleging that Enterprise Logistics' Amended Corporate Disclosure Statement is again incomplete. (Doc. 19 ¶ 12). Because the Court is still unable to determine whether diversity subject matter jurisdiction exists, the Court now enters this order directing the parties to meet and confer.

## **Discussion**

**A. Defects In Enterprise Logistics' Amended Corporate Disclosure Statement**.

**1. Principal Place of Business of Enterprise Products OLPGP, Inc.**

Enterprise Logistics' Amended Corporate Disclosure Statement identifies one member of Enterprise Products as Enterprise Products OLPGP, Inc., which it states is "a Delaware corporation headquartered in Texas." (Doc. 14). A corporation, however, is deemed to be a citizen of the state where it is incorporated as well as the state where it maintains its *principal place of business*. 28 U.S.C. § 1332(c). The Court understands from common usage that the reference to Enterprise Products OLPGP being a "Delaware corporation" is intended to mean that it is incorporated in Delaware. But the Court cannot presume that Texas, the state where Enterprise Products OLPGP is headquartered, necessarily is also the state where that corporation maintains its principal place of business. As the Supreme Court has held, "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that … [has been] called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "[I]n practice, [the nerve center] should normally be the place where the corporation maintains its headquarters." *Id.* at 93. But that is only true if "the headquarters is the actual center of direction, control, and coordination, … and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* Accordingly, should this case proceed, Enterprise Logistics must file a Second Amended Corporate Disclosure Statement in which it alleges Enterprise Products OLPGP's principal place of business, meaning its "nerve center," rather than the state where Enterprise Products OLPGP its headquartered.

### 2. Identity and Citizenship of Each Member of Enterprise Products Partners, L.P.

The second defect in Enterprise Logistics' Amended Corporate Disclosure Statement relates to its identification of Enterprise Products Partners, L.P. as the other member of Enterprise Products. Enterprise Logistics states that Enterprise Products Partners, L.P. is a publicly traded Delaware limited partnership. The Tenth Circuit has confirmed that "the long-standing rule guiding the jurisdictional citizenship of unincorporated entities" applies to publicly traded limited partnerships. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Thus, the citizenship of Enterprise Products Partners, L.P. "is determined by the citizenship of [its] unitholders." *Id.* at 906. Rule 7.1(a)(2) requires Enterprise Logistics to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to [it]." FED. R. CIV. P. 7.1(a)(2). Rather than do that, the Amended Corporate Disclosure Statement refers to the New York Stock Exchange, where the "common units" of Enterprise Products Partners, L.P. are listed.

In the first place, identifying the common units by consulting the New York Stock Exchange where they are listed does not reveal the citizenship of those component persons or entities, which is part of the information Rule 7.1 requires Enterprise Logistics to disclose. In the second place, nothing in Rule 7.1 excuses Enterprise Logistics from its obligation to disclose the identities of the component members of Enterprise Products Partners, L.P. based on the fact that the information supposedly is available elsewhere.

Despite the above, the Court understands that Enterprise Logistics likely failed to comply with Rule 7.1 insofar as Enterprise Products Partners, L.P. is concerned because doing so may be extremely difficult if not impossible. But that is not a reason to simply ignore the requirements of Rule 7.1(a)(2). Rather, Enterprise Logistics should have sought leave to be excused from those requirements. *See* Fed. R. Civ. P. 7.1(a)(2) (providing that, "[i]n an action in which jurisdiction is

based on diversity under 28 U.S.C. § 1332(a), a party or intervenor *must*, *unless the court orders otherwise*, file a disclosure statement," which "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor") (emphasis added).

For instance, in *Genesis Marine, LLC v. Petroleum Fuel & Terminal Co.*, CV 26-1050, 2026 WL 3315243 (E.D. La. Nov. 3, 2026), the plaintiff, a limited liability company, argued that the defendant could not remove the case because one of the plaintiff's members was "a master limited partnership with approximately 100 million publicly traded common units," and "the citizenship of each and every one of [master the limited partnership's] beneficial owners [could not] be fully ascertained." *Id.* at *3. Therefore, the plaintiff argued, the defendant could not satisfy its burden of showing that the court had subject-matter jurisdiction based on the diversity statute. *Id.* In support of these assertions, the plaintiff submitted a declaration stating that, the master limited partnership's "limited partners consist of the beneficial owners of its common units," that there was "no complete list of all beneficial owners of [the master limited partnership's] common units," that "the ownership of those common units change[d] daily, that the majority of those common units [were] held through intermediaries, and that beneficial ownership information [was] subject to privacy and disclosure limitations." *Id.* (internal quotation marks omitted). The declaration also stated that the existence of a limited partner who was a citizen of the same state as the defendant could not "be excluded, and in fact, it [was] 'probable' that a limited partner of [the limited partnership] [was] a … citizen [of the same state as the defendant]." *Id.* The court cited the facts set forth in the plaintiff's declaration to reject the defendant's request to conduct jurisdictional discovery,[1] and to order that the case be remanded because the defendant could not

---

[1] The plaintiff argued that jurisdictional discovery would be inappropriate because "the record show[ed] that the requested discovery [was] not likely to produce the facts needed to prove jurisdiction." *Genesis Marine, LLC,* 2026 WL 3315243, at *4. The plaintiff also argued that

satisfy its burden of demonstrating the existence of subject matter jurisdiction in federal court. *Id.* at *9-10; *compare Pathfinder Transp., LLC v. Pinnacle Propane, LLC*, 259 F. Supp. 3d 949, 950-51 1 (W.D. Ark. 2017) (where removing defendant reported that its sole member was a master limited partnership and stipulated that at least one limited partner of the master limited partnership was a citizen of the same state as the plaintiff).[2]

Pursuant to Rule 7.1(a), Defendant Enterprise Logistics has a duty to provide the Court with information in its possession concerning its own citizenship necessary for the Court to base a decision regarding the existence of diversity jurisdiction. The case law demonstrates some of the ways in which Enterprise Logistics might have approached this duty given the existence in its corporate structure of a publicly traded limited partnership. Enterprise Logistics should consult this case law and revise its approach to the Corporate Disclosure Statement accordingly.

**B. <u>Order To Meet and Confer</u>**

The burden of alleging subject matter jurisdiction is on Plaintiff. *See Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). However, Defendant has an obligation to comply with the requirements of Federal Rule 7.1. Although Defendant has thus far not challenged Plaintiff's allegations in either the Original or Amended Complaint concerning the existence of diversity

---

jurisdictional discovery would "place[ ] an incredible expense on" it, asserting that identifying "the citizenship of over a 100 million limited partners of a publicly traded limited partnership with a complex, multi-layered ownership structure [was] a functionally impossible and prohibitively expensive task," and requiring the plaintiff to do so "would flip the removal burden on its head." *Id.* (internal quotation marks omitted).

[2] *See also St. Paul Fire & Marine Ins. Co. v. Covington Co., Inc.*, 542 F. Supp. 3d 458, 464 (W.D. La. 2021); *Great Lakes Gas Transmission Ltd. P'hip v. Essar Steel Minnesota, LLC*, 103 F. Supp. 3d 1000, 1008-11 (D. Minn. 2015), *vacated on other grounds*, 843 F.3d 325 (8th Cir. 2016); *Trafigura AG v. Enter. Prods. Operating LLC*, 995 F. Supp. 2d 641, 646 (S.D. Tex. 2014); *Watkins v. Terminix Inter'l Co., Ltd. P'hip*, 976 F. Supp. 1397, 1398 (D. Kan. 1997).

jurisdiction,[3] parties cannot confer subject matter jurisdiction by agreement where there is none. *Sanchez v. Bd. of Eastern New Mexico*, 361 F. App'x 980, 984 (10th Cir. 2010). Remaining silent about whether there is jurisdiction in the face of a previous court order directing it to confront that issue through the filing of an Amended Corporate Disclosure Statement could be construed as an attempt by Defendant to do just that. At the very least, it places an unnecessary burden on the Court to have to extract the information from Defendant needed to assess subject matter jurisdiction through the issuance of multiple written orders.

In an attempt to balance the parties' respective obligations concerning the issue of subject matter jurisdiction, the Court previously ordered Plaintiff to file an Amended Complaint with sufficient jurisdictional allegations, but only after Defendant filed an Amended Corporate Disclosure Statement. *See* (Doc. 13). But neither the Amended Corporate Disclosure Statement nor the Amended Complaint resolves the issue. Therefore, the Court now orders the parties to meet and confer, either in person or by telephone (an exchange of emails will not suffice), regarding the issues raised herein in an attempt to determine the best way to move forward with resolving the outstanding issue of whether this Court has subject matter jurisdiction over the Complaint.

**Conclusion**

ACCORDINGLY, the parties are ordered as follows:

1. If, after meeting and conferring, the parties are able to reach agreement on how to proceed, they are directed to jointly file a notice, stipulation, motion, or other appropriate

[3] Defendant's answer to the Original Complaint asserts that the jurisdictional allegations in that complaint "relate to legal questions to which no responsive pleading is required," and that, "[t]o the extent a responsive pleading is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of [those] allegations." (Doc. 11, Amended Answer, ¶ 4). An assertion that no response is required because the allegations relate to legal questions does not comply with Rule 8. *See Martinez v. Naranjo*, 328 F.R.D. 581, 599 (D.N.M. 2018).

document outlining their resolution of the subject matter jurisdiction issue and/or their suggestions for how the Court should proceed in order to fully resolve that issue. For example, if the parties reach agreement that the Court does not have subject matter jurisdiction over the case, they can simply file a stipulation dismissing the case without prejudice. Any joint filing shall be made on or before **December 9, 2026**.

2. If the parties are not able to reach agreement concerning the Court's subject matter jurisdiction,

a. Defendant shall file a Second Amended Corporate Disclosure Statement, as well as a supplemental brief addressing the issue of whether the Court has subject matter jurisdiction over the case. Defendant's Second Amended Corporate Disclosure Statement and supplemental brief shall be filed on or before **December 16, 2026**.

b. If Defendant files a Second Amended Corporate Disclosure Statement and supplemental brief, Plaintiff shall file a supplemental response brief responding to Defendant's filings. Plaintiff's supplemental response brief shall be filed on or before **December 23, 2026**.

c. Defendant may file a reply supplemental brief on or before **December 30, 2026**.

3. If the parties fail to comply with this Order, the Court may recommend to the presiding judge that the case be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED this 25th day of November, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE